```
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
FRANCISCO PEREZ,                         )
                                         ) Civil Action
            Petitioner                   ) No. 07-cv-00605
                                         )
      vs.                                )
                                         )
JAMES T. WYNDER;                         )
THE DISTRICT ATTORNEY OF THE COUNTY OF   )
   BERKS COUNTY, PENNSYLVANIA; and       )
THE ATTORNEY GENERAL OF THE STATE        )
   OF PENNSYLVANIA,                      )
                                         )
            Respondents                  )
```

O R D E R

NOW, this 31st day of March, 2010, upon consideration of the following documents:

(1) Petition for Writ of Habeas Corpus by a Person in State Custody filed May 9, 2007 (Document 4) ("Petition")[1];

(2) Petitioner, <u>Francisco Perez's</u>, Memorandum of Law in Support of Petitioner's Writ of Habeas Corpus <u>Pursuant to, (28 U.S.C.A. § 2254)</u>, which memorandum was filed on July 24, 2006 (Document 1-1);

---

[1] Petitioner originally filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody in the United States District Court for the Western District of Pennsylvania, which was filed on July 24, 2006 and docketed at civil action number 06-cv-00988 on August 1, 2006 (Document 1-1). Petitioner filed an amended petition, adding the District Attorney of Berks County, Pennsylvania as a respondent, which was docketed on November 6, 2006.

On February 1, 2007, United States District Judge Gary L. Lancaster of the United States District Court for the Western District of Pennsylvania transferred this case to the United States District Court for the Eastern District of Pennsylvania.

Petitioner's habeas corpus petition on this court's standard form was docketed on May 9, 2007 (Document 4). The Petition asserts four grounds for relief: (1) ineffective assistance of trial counsel for counsel's failure to object to jurisdiction and venue; (2) ineffective assistance of trial counsel for failure to object to (a) the identification of petitioner in court, (b) the veracity of witness testimony, and (c) the use of the wiretap transcript; (3) ineffective assistance of trial counsel for failure to call witnesses at trial; and (4) ineffective assistance of appellate counsel for failure to raise ineffective assistance of trial counsel. (Petition at 9.)

(3) Answer to the Petition for Writ of Habeas Corpus, which answer was filed by respondents on December 18, 2007 together with respondents' Memorandum in Support of Commonwealth's Answer to the Petition for Writ of Habeas Corpus (Document 7);

(4) Petitioner's Response to Commonwealth's Answer and Memorandum to Petition for Writ of Habeas Corpus, which traverse was filed on January 7, 2008 (Document 8) ("Traverse");

(5) Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport filed February 27, 2008 (Document 9) ("R&R");

(6) Objections to the Report and Recommendation of Magistrate Judge Arnold C. Rapoport, which objections were filed by petitioner on March 25, 2008 (Document 10) ("Objections");

(7) Response to Petitioner's Objections to Report and Recommendation, which response was filed by respondents on November 19, 2009 (Document 12) ("Response to Objections"); and

(8) Petitioner's Response to Respondent's Response to Petitioner's Objections to the Report and Recommendation, which response was filed on December 1, 2009 (Document 13) ("Reply"),

IT IS ORDERED that the R&R is approved and adopted.[2]

IT IS FURTHER ORDERED that petitioner's Objections to the R&R are overruled.[3]

---

[2] The extent of review of the R&R is committed to the discretion of the district court. Hyer v. Astrue, 121 Soc.Sec.Rep.Service 136 (E.D.Pa. 2007) (Diamond, J.). However, the district court must review de novo those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(c); Purnell v. Astrue, 662 F.Supp.2d 402, 408 (E.D.Pa. 2009) (Kelly, S.J.). The court may accept, reject, or modify, in whole or in part, the R&R's findings and recommendations. 28 U.S.C. § 636(b)(1)(c); Purnell, 662 F.Supp.2d at 408.

[3] In his objections to the R&R, petitioner objects on the grounds that: (1) his sentence for attempted murder is illegal because there is no basis to sustain it; (2) this federal court must address the ineffective assistance of counsel issues raised in petitioner's second ground for relief in his habeas corpus petition because the state appellate court did not discuss the merits of these federal issues; and (3) Magistrate Judge Rapoport

(Footnote 3 continued):

(Continuation of footnote 3):

erred in concluding that a state court's application of federal law must be unreasonable, not merely incorrect, for petitioner to obtain habeas relief. For the reasons that follow, I overrule each of petitioner's Objections.

Petitioner's first objection to the R&R is that his "sentence for attempted murder is patently illegal because no basis exists to sustain it." (Objections at 2) (emphasis in original). Petitioner argues that the sentencing court treated petitioner's since-vacated Philadelphia convictions as a second strike, and increased petitioner's sentence for attempted murder from 10-20 years to 20-40 years pursuant to Pennsylvania's Three Strikes Law, 42 Pa.C.S.A. § 9714. Id. at 1.

This objection is misplaced. Petitioner contends, incorrectly, that "attempted murder carries a maximum penalty of 10 to 20 years in Pennsylvania." Id. Although a felony of the first degree is typically punishable by not more than 20 years imprisonment, 18 Pa.C.S.A. § 1103, "a person who has been convicted of attempt...to commit murder...where serious bodily injury results may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years." 18 Pa.C.S.A. § 1102(c).

The sentencing transcript indicates that serious bodily injury occurred and that petitioner was sentenced to the statutory maximum of 20 to 40 years. (See Transcript of Sentencing Hearing, Commonwealth v. Perez, Court of Common Pleas of Berks County, Pennsylvania, Nos. 3313-00 and 3314-00, March 16, 2001, at pages 427, 430, and 438, filed on January 29, 2007 as docket entry 17-6 in civil action number 06-cv-00988 in the United States District Court for the Western District of Pennsylvania.)

Moreover, respondents persuasively argue that "the Commonwealth did not seek the imposition of the 'second strike' mandatory sentence provided in 42 Pa.C.S.A. § 9714, and accordingly no notice of the application of this mandatory sentence appears in the record, as required by 42 Pa.C.S.A. § 9714(d)." (Response to Objections at 1.)

Petitioner also argues that the court "failed to resentence Petitioner after the 3314-00 charges were dismissed," (Reply at 2), and that he is "still serving a prison sentence of 7 to 14 years" on the vacated convictions. (Traverse at 6.) I agree with and adopt Magistrate Judge Rapaport's recommendation that petitioner's claim is moot because he already received complete relief when these convictions were vacated and nolle prossed. See Piskanin v. Krysevig, 349 Fed.Appx. 683, 685 (3d Cir. 2009).

If petitioner is attempting to argue that the Pennsylvania Department of Corrections has failed to correctly recalculate his sentence in light of the vacation and nolle pros of his Philadelphia convictions, this claim is not properly before the court and will not be considered further. Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") provides that "[t]he petition must...specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground."

(Footnote 3 continued):

(Continuation of footnote 3):

 Thus, habeas corpus petitions must satisfy a heightened pleading requirement. Mayle v. Felix, 545 U.S. 644, 649, 655, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005); McFarland v. Scott, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994). Claims not asserted in the petition are waived and need not be considered by the district court. See Habeas Rule 2(c); Carrascosa v. McGuire, 520 F.3d 249, 263-264 (3d Cir. 2008); Parker v. Scott, 394 F.3d 1302, 1327 (10th Cir. 2005); Greene v. Henry, 302 F.3d 1067, 1070 n.3 (9th Cir. 2002).

 Petitioner's first ground for habeas corpus relief is "[i]neffective assistance of trial counsel for counsel's failure in not objecting to proper jurisdiction/venue." (Petition at 9.) Petitioner hints three times that he is concerned about the computation of his sentence. In his Traverse, he argues that "although the charges were dismissed, Petitioner is still SERVING THE SENTENCE of that conviction.... Petitioner is still serving a prison sentence of 7 to 14 years." (Traverse at 6.)

 In his Objections to the R&R, petitioner argues that "although the Superior Court vacated the conviction and sentence at 3314-00, and those charges were later nolle prossed, Petitioner was never resentenced on the charges arising under 3313-00." (Objections at 2-3.) In his Reply, petitioner argues that "the sentencing court...failed to resentence Petitioner after the 3314-00 charges were dismissed." (Reply at 2.) As indicated in the cases cited below, because petitioner did not raise this claim in his Petition, it is waived.

 Several cases hold that raising a new issue in a traverse brief is insufficient. "A Traverse is not the proper pleading to raise additional grounds for relief." Cacoperdo v. DeMosthenes, 37 F.3d 504, 507 (9th Cir. 1994); accord Abbott v. Gigliotti, 2010 U.S.Dist. LEXIS 7020, *25 (W.D.Pa. January 28, 2010); Vines v. DiGuglielmo, 2007 WL 210106, *4 n.5 (E.D.Pa. January 23, 2007) (Schiller, J. approving and adopting R&R of Smith, C.M.J.). Accordingly, district courts need not address claims asserted for the first time in a traverse. See Tyler v. Mitchell, 416 F.3d 500, 504 (6th Cir. 2005); Abbott, 2010 U.S.Dist. LEXIS 7020 at *25; Vines, 2007 WL 210106 at *4 n.5.

 Nor is raising a new issue in objections to the R&R sufficient. "[A] district court may properly refuse to hear claims not first presented to the assigned Magistrate Judge." Kirk v. Meyer, 279 F.Supp.2d 617, 619 (E.D.Pa. 2003) (Robreno, J.); accord Hatcher, 2009 U.S.Dist. LEXIS 100651 at *7-8; Munoz v. Grace, 2007 U.S.Dist. LEXIS 58516, *27-28 (E.D.Pa. August 9, 2007) (DuBois, S.J.). Rule 72.1(IV)(c) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania similarly provides that "[a]ll issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge."

 I conclude that petitioner has not presented a claim that his sentence has not been properly recalculated. If petitioner believes that such an error has been made, he may wish to bring an original action before the

(Footnote 3 continued):

> IT IS FURTHER ORDERED that the within Petition is denied without a hearing.

---

(Continuation of footnote 3):

Commonwealth Court seeking an order compelling the Department of Corrections to properly recalculate his sentence. See McCray v. Pennsylvania Department of Corrections, 582 Pa. 440, 446-447, 872 A.2d 1127, 1130-1131 (2005); Saunders v. Commonwealth of Pennsylvania, Department of Corrections, 749 A.2d 553, 554-555 (Pa.Commw. 2000); Commonwealth v. Perry, 386 Pa.Super. 534, 537-538, 563 A.2d 511, 512-513 (1989).

Petitioner's second ground for habeas corpus relief alleges that his trial counsel was ineffective because he failed to: (a) object to the identification of petitioner in court; (b) challenge the veracity of witness testimony; and (c) object to the use of the wiretap transcript. (Petition at 9.) Petitioner's second objection to the R&R is that "since the State appellate court did not discuss the merits of the federal issues, those issues must be heard and addressed by this Court." (Objections at 3.) These objections are misplaced. Magistrate Judge Rapoport has thoroughly reviewed those issues. (R&R at 17-20.) Therefore, I overrule petitioner's second objection to the R&R.

In his final objection to the R&R, petitioner argues that while the R&R "opined that the state court determinations regarding Petitioner's second group of issues was not unreasonable...a state court's incorrect legal determination has never been allowed to stand because it was reasonable." (Objections at 3.) Magistrate Judge Rapoport stated that "the state courts' adjudication of the issues was not unreasonable" in connection with petitioner's third and fourth grounds for habeas corpus relief, not his second ground for relief. (R&R at 12.) Accordingly, I will construe this third objection to the R&R as being addressed to petitioner's third and fourth grounds for habeas corpus relief rather than his second ground for habeas relief.

Petitioner miscomprehends the governing caselaw. Petitioner cites Justice O'Connor's concurring opinion in Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) which, in turn, quotes Justice O'Connor's concurring opinion in Wright v. West, 505 U.S. 277, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992), a case decided prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Williams Court makes clear that under the AEDPA, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411.

Thus, "even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." Penry v. Johnson, 532 U.S. 782, 793, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001). Accordingly, I overrule petitioner's third objection to the R&R.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall close this matter for statistical purposes.

BY THE COURT:


/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge